KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 2 7 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

YUE YING YU,

        Plaintiff,

    v.

TOP HAIR ON 86 SALON INC.
and NG KUN YING

        Defendants.

---

Case No.: **09    4617**

**COMPLAINT**

**Jury Trial Demanded**

GERSHON, J

AZRACK, M.J.

    Plaintiff, YUE YING YU (hereinafter, "YU" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this Complaint against Defendants, NG KUN YING and TOP HAIR ON 86 SALON INC. (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

10840504.2

## INTRODUCTION

1. Plaintiff, YU, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff, YU, further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, YU, is a resident of Kings County, New York.

6. Upon information and belief, Defendant, TOP HAIR ON 86 SALON INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at, and an address for service of process at, 2353 86TH STREET BROOKLYN, NEW YORK, 11214.

7. Upon information and belief, Defendant, NG KUN YING, is the Chairman or Chief Executive Officer of TOP HAIR ON 86 SALON INC.

8. Plaintiff was employed by Defendants in Kings County, New York, from on or about March 2009 until on or about July 12, 2009.

10840504.2

2

9.  At all relevant times, Defendant, TOP HAIR ON 86 SALON INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, YU, was directly essential to the business operated by Defendants.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, YU, his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, YU, her lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, YU, her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiff, YU, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. On or about March 2009, Plaintiff, YU, was hired by Defendant, NG KUN YING, and Defendant, TOP HAIR ON 86 SALON INC., and/or their predecessors, as applicable, to work as a hair stylist for Defendants' "Top Hair Salon" located at 2353 86TH STREET BROOKLYN, NEW YORK, 11214.

16. YU worked at "Top Hair Salon" until on or about July 12, 2009.

17. During YU's employment by Defendants, she worked over forty (40) hours per week.

10840504.2

3

18. During YU's employment by Defendant, she often worked over ten (10) hours per day.

19. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

21. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

22. Plaintiff retained Kraselnik & Lee, PLLC to represent her and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff realleges and reavers Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

10840504.2

4

26. Upon information and belief, at all relevant times, Defendant, TOP HAIR ON 86 SALON INC. has had gross revenues in excess of $500,000.

27. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Plaintiff worked hours for which she was not paid the statutory minimum wage.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for her hours worked.

31. Defendants failed to pay Plaintiff minimum wages in the lawful amount for her hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, YU, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

10840504.2

5

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, YU, minimum wages for hours worked when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff, YU, of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, YU, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, YU, suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

10840504.2

43. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day she worked ten (10) or more hours.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YU, on behalf of herself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

10840504.2

7

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h.      An award of prejudgment and postjudgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

10840504.2

Dated: October 11, 2009

                                Respectfully submitted,

                                KRASELNIK & LEE, PLLC
                                Robert L. Kraselnik (RK 0684)
                                C.K. Lee (CL 4086)
                                The Empire State Building
                                350 Fifth Avenue, Suite 1729
                                New York, NY 10118
                                Tel.: 212-465-1188
                                Fax: 212-465-1181
                                *Attorneys for Plaintiffs*

By: _____
         C.K. Lee (CL 4086)

10840504.2